UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRESENCIO SOTO and all others similarly situated under 29 U.S.C. § 216(B), | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:11-CV-3242-B |
| WILLIAM'S TRUCK SERVICE, INC., RENALDO JIMENEZ, and WILLIAM JIMENEZ, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Defendant William Truck Service, Inc.'s Motion for Summary Judgment (doc. 19) and Plaintiff Cresencio Soto's Motion for Partial Summary Judgment (doc. 20). For the reasons stated below Defendant's Motion is **DENIED** and Plaintiff's Motion is **GRANTED**.

## I.

## BACKGROUND[1]

Plaintiff Cresencio Soto brings this Fair Labor Standards Act ("FLSA") action complaining that the Defendants failed to pay Soto overtime wages for the work he performed in excess of forty hours per week for the three years preceding this suit in violation of 29 U.S.C. § 207(a)(1). Soto worked for the Defendants from 2006 until September 2011 as a tow truck driver. Pl. App. 3, Soto

---

[1] The background facts are drawn from the undisputed facts in the summary judgment record. Defendants failed to submit any relevant evidence with their Motion and offered no response to Plaintiff's motion.

- 1 -

Aff. ¶ 4 ("Soto Aff."). During his last three years of employment, Soto towed vehicles, cleaned the premises, and picked up vehicle parts from vendors. Soto Aff. ¶ 3. During the relevant period, Soto performed approximately 1,000 tows and approximately 34 of these tows were outside Texas. Soto Aff. ¶¶ 6, 8. Of the 936 days worked for Defendants, Soto estimates that he was working outside of Texas a total of 64 days. Soto Aff. ¶ 6.

Defendant Williams Truck Service, Inc. denies Plaintiff Soto's allegations and moves for summary judgment on its own behalf based on the affirmative defense that Soto's position was exempt from overtime pay requirements pursuant to the motor carrier exemption under 29 U.S.C. § 213(b)(1)(doc. 19).[2]

Plaintiff Soto filed a response to the Defendant's motion for summary judgment (doc. 23) and moves in a separate motion for partial summary judgment (doc. 20). In his motion for partial summary judgment, Plaintiff maintains that the Defendant's motor carrier exemption affirmative defense does not apply to him and that he is, therefore, entitled to coverage for overtime wages under the FLSA. Pl. Mot. Partial Summ. J., doc. 20. Defendants failed to respond to Soto's motion for partial summary judgment.

Both motions are ripe for decision.

---

[2] Because Defendant William's Truck Service, Inc is the sole Defendant to move for summary judgment, the Court refers to the "Defendant's" as opposed to the "Defendants'" motion and affirmative defenses. To the extent Plaintiff's motion is directed at all Defendants, it is so granted.

# II.

# LEGAL STANDARDS

A. *Summary Judgment Standard*

The purpose of summary judgment is "to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990). Accordingly, Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. SmithKline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). However, if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Rather, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Id*. When the movant bears the burden of proving an affirmative defense at trial, "it must establish beyond dispute all of the defense's essential elements." *Bank of La. v. Aetna U.S. Healthcare, Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v.*

*Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(per curiam). Factual controversies regarding the existence of a genuine issue for trial must be resolved in favor of the non-movant. *Id*. Nevertheless, a non-movant may not simply rely on the Court to sift through the record to find a fact issue, but must instead point to specific evidence in the record and articulate precisely how that evidence supports the challenged claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Moreover, the evidence the non-movant does provide must raise more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). This evidence must be such that a jury could reasonably base a verdict in the non-movant's favor. *Anderson*, 477 U.S. at 248. If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1075.

B.      *Fair Labor Standards Act*

The Fair Labor Standards Act, 29 U.S.C. §§ 201-216, provides that employers must pay overtime compensation to covered employees who work more than forty hours a week. 29 U.S.C. § 207(a)(1); *Cleveland v. City of Elmendorf*, 388 F.3d 522, 526 (5th Cir. 2004). But, under the motor carrier exemption, the overtime pay requirement does not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b)(1). The Secretary's authority to prescribe qualifications and maximum hours extends only to employees that transport passengers or property in interstate commerce whose activities affect the safety of operation of vehicles on the highways of the country. 49 U.S.C. § 13501; *Levinson v. Spector Motor Serv.*, 330 U.S. 649, 671 (1947). The employer bears the burden to establish a claimed exemption and exemptions under the FLSA are construed narrowly against the employer. *Cleveland*, 388 F.3d at 526.

# III.

# ANALYSIS

*A.     Defendant Williams Truck Service, Inc.'s Motion for Summary Judgment*

Defendant Williams Truck Service, Inc. moves for summary judgment, arguing that it did not violate the FLSA or the Texas Labor Code and also that it is entitled to judgment on its "Second Affirmative Defense" that Soto's position was exempt from overtime pay requirements pursuant to the motor carrier exemption under 29 U.S.C. § 213(b)(1). Def.'s Orig. Ans., doc. 12. Defendant bears the burden to establish a claimed exemption under the FLSA. *Cleveland*, 388 F.3d at 526. Because the Defendant bears the burden of proving the affirmative defense at trial, "it must establish beyond dispute all of the defense's essential elements." *Bank of La.*, 468 F.3d at 241. Defendant provides no competent summary judgment evidence to support its motor carrier exemption affirmative defense. Instead, the Defendant submits two exhibits, both describing a criminal matter involving Plaintiff Soto. Def. Ex A & B, doc. 19. These exhibits appear to bear no relevance to the Defendant's motor carrier exemption affirmative defense. Therefore, because it has failed to meet its summary judgment burden as to its affirmative defense, Defendant Williams Truck Service, Inc.'s motion for summary judgment is **DENIED**.

*B.     Plaintiff Soto's Motion for Partial Summary Judgment*

Plaintiff Soto also moves for summary judgment (doc. 20) on the Defendant's motor carrier exemption affirmative defense. Plaintiff asks the Court to find that the motor carrier exemption does not apply to bar Plaintiff's overtime claims. Plaintiff filed his motion for partial summary judgment on October 12, 2012.  No response has been filed.

The employer bears the burden to establish a claimed exemption to the FLSA.  *Cleveland*, 388 F.3d at 526 (5th Cir. 2004).  Thus, because the Defendant ultimately bears the burden of proof

on the motor carrier exemption defense at trial, Plaintiff Soto need not support his motion for summary judgment with evidence negating the Defendant's affirmative defense. *See F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) ("Where a plaintiff uses a summary judgment motion, in part, to challenge the legal sufficiency of an affirmative defense –on which the defendant bears the burden of proof at trial– a plaintiff may satisfy its Rule 56 burden by showing that there is an absence of evidence to support [an essential element of] the [non-moving party's] case.") (internal quotations omitted); *see also Celotex Corp.*, 477 U.S. at 323-24. Rather, Soto, under these circumstances, may satisfy his summary judgment burden by pointing to the absence of evidence supporting the Defendant's affirmative defense. *See id.* The burden then shifts to Defendant to designate specific facts showing there is a genuine issue for trial on its affirmative defense. *See Little*, 37 F.3d at 1075. When "there is an absence of evidence to support an essential element of a defense, with respect to that defense there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the [defendant's affirmative defense] necessarily renders all other facts immaterial." *Giammettei*, 34 F.3d at 54 (quotations omitted) (citing *Celotex*, 477 U.S. at 323).

Here, Soto has satisfied his summary judgment burden by pointing to the absence of evidence supporting the Defendant's affirmative defense. Soto alleges he worked in excess of forty hours per week and was not paid the overtime rate for the hours in excess of forty. Pl. Comp. ¶ 14. Soto provides competent summary judgment evidence that the vast majority of his work for Defendant was completed within Texas. Soto Aff. ¶¶ 6, 8. Thus, based on these allegations and evidence, Soto argues the motor carrier exemption should not apply. The Defendant has failed to offer any response to Plaintiff's motion for partial summary judgment. Thus, there is "an absence of evidence to support" Defendant's motor carrier exemption affirmative defense, and as such there is no genuine issue of material fact regarding said affirmative defense. *See Giammettei*, 34 F.3d at 54. Thus, because Plaintiff

Soto met his summary judgment burden and Defendant wholly failed to satisfy its burden in response, Plaintiff's motion for partial summary judgment is **GRANTED**; the motor carrier exemption does not bar Plaintiff's overtime claims.

## IV.

## CONCLUSION

For the reasons stated above, Defendant Williams Truck Service, Inc.'s Motion for Summary Judgment (doc. 19) is denied and Plaintiff' Motion for Partial Summary Judgment (doc. 20) is granted.

**SO ORDERED.**

**SIGNED: February 8, 2013.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE